# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DAVID BINTZ, and
ROBERT BINTZ,

          Plaintiffs,

v.

RICHARD A. LUELL,
ROBERT HAGLUND, and
CITY OF GREEN BAY,

          Defendants.

CASE NO. 26cv01233

## DEFENDANTS' ANSWER and AFFIRMATIVE DEFENSES

Defendants, Robert Haglund and the City of Green Bay, by their attorneys, WIRTH + BAYNARD, submit their Answer to Plaintiff's Complaint (Dkt. 1) as follows.

### INTRODUCTION

1. Answering paragraph 1, admit that Plaintiffs purport to bring a civil-rights action seeking the relief described. Answering Defendants deny that Haglund or the City violated Plaintiffs' constitutional rights and deny the remaining allegations.

### JURISDICTION AND VENUE

2. Answering paragraph 2, this allegation states a legal conclusion for which no response is required. To the extent a response is required, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

3. Answering paragraph 3, this allegation states a legal conclusion for which no response is required. To the extent a response is required, lack knowledge and information

1

sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof. As a further response, deny that Plaintiffs have stated a viable standalone state-law claim against the City and otherwise deny the paragraph's legal conclusions.

4. Answering paragraph 4, upon information and belief, admit.

**PARTIES**

5. Answering paragraph 5, upon information and belief, admit.

6. Answering paragraph 6, upon information and belief, admit.

7. Answering paragraph 7, upon information and belief, admit.

8. Answering paragraph 8, admit that Haglund was an adult Wisconsin resident and a GBPD detective during the relevant period and was acting in the course of his duties and within the scope of his employment when performing the law-enforcement activities at issue. Answering Defendants deny any allegation that those activities were unlawful.

9. Answering paragraph 9, admit that the City of Green Bay is a Wisconsin political subdivision and was Haglund's employer during the relevant period. Defendants deny that the statute creates an independent cause of action or makes the City unconditionally liable for any judgment, and otherwise deny the allegations.

**FACTS**

10. Answering paragraph 10, upon information and belief, admit.

11. Answering paragraph 11, upon information and belief, admit.

12. Answering paragraph 12, admit that biological evidence, including blood and semen, was recovered during the investigation. As to the remaining allegations, defendants lack knowledge and information sufficient to form a belief as to the truth or falsity and therefore deny and put Plaintiff to their proof.

2

13. Answering paragraph 13, defendants lack knowledge and information sufficient to form a belief as to the truth or falsity and therefore deny and put Plaintiff to their proof.

14. Answering paragraph 14, deny.

15. Answering paragraph 15, defendants lack knowledge and information sufficient to form a belief as to the truth or falsity and therefore deny and put Plaintiff to their proof.

16. Answering paragraph 16, deny.

17. Answering paragraph 17, admit.

18. Answering paragraph 18, upon information and belief, admit.

19. Answering paragraph 19, defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph and therefore deny and put Plaintiff to their proof.

20. Answering paragraph 20, admit that testing excluded Plaintiffs as the source of certain blood evidence. Deny any broader implication not expressly admitted.

21. Answering paragraph 21, admit that testing excluded Plaintiffs as the source of certain blood evidence. Deny any broader implication not expressly admitted.

22. Answering paragraph 22, defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph and therefore deny and put Plaintiff to their proof.

23. Answering paragraph 23, affirmatively assert that the allegation is ambiguously worded as to time. Defendants admit that none was arrested or charged in the approximately 12 years after Sandra Lisons' death.

24. Answering paragraph 24, upon information and belief, admit.

25. Answering paragraph 25, deny.

3

26.     Answering paragraph 26, deny.

27.     Answering paragraph 27, deny.

28.     Answering paragraph 29, deny.

29.     Answering paragraph 29, admit that Haglund participated in an interview of David. As to the remaining allegations, defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph and therefore deny and put Plaintiffs to their proof.

30.     Answering paragraph 30, deny.

31.     Answering paragraph 31, deny.

32.     Answering paragraph 32, admit that a report concerning third-party witness statements was used during David's interview. Defendants deny that any statement or report was fabricated and otherwise deny the allegations.

33.     Answering paragraph 33, admit that David made statements during the interview concerning stomach discomfort. Defendants deny the remaining allegations to the extent inconsistent with the interview record.

34.     Answering paragraph 34, deny.

35.     Answering paragraph 35, lack knowledge sufficient to admit what Luell read verbatim and therefore deny that allegation. As a further response, Defendants deny that the report was fabricated.

36.     Answering paragraph 36, deny.

37.     Answering paragraph 37, deny.

38.     Answering paragraph 38, admit that the interview was not audio or video recorded. Defendants deny that any confession or statement was coerced or involuntary.

39. Answering paragraph 39, admit that David did not sign a written confession during the interview. Defendants deny that any confession or statement was coerced or involuntary.

40. Answering paragraph 40, admit that Luell prepared a written report concerning the interview. As to the remaining allegations, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph and therefore deny and put Plaintiff to their proof.

41. Answering paragraph 41, deny.

42. Answering paragraph 42, Defendants deny the characterization of the statement as coerced. As to the remaining allegations, admit upon information and belief that the state Circuit Court ruled before trial that David's statements could be used at David's trial but not at Robert's trial.

43. Answering paragraph 43, deny.

44. Answering paragraph 44, deny.

45. Answering paragraph 45, admit that Haglund prepared reports concerning witness statements. Defendants deny that any statement or report was fabricated and otherwise deny the allegations.

46. Answering paragraph 46, admit.

47. Answering paragraph 47, admit that third-party witnesses testified at David's trial and implicated him. Defendants deny that Haglund knew their testimony was false and otherwise deny the allegations.

48. Answering paragraph 48, deny.

49. Answering paragraph 49, Defendants deny the characterization of the statements as false and therefore deny the allegation as phrased.

5

50. Answering paragraph 50, admit that reports concerning third-party statements were used in connection with David's trial. Defendants deny that Haglund fabricated any statement or report and otherwise deny the allegations.

51. Answering paragraph 51, Defendants deny the characterization of the reports as false and therefore deny the allegation as phrased.

52. Answering paragraph 52, admit that statements attributed to David during the interview were used at his trial. Defendants deny that any statement was coerced or involuntary.

53. Answering paragraph 53, admit that David was convicted of murder and sentenced to life imprisonment. As to the remaining allegations, deny.

54. Answering paragraph 54, admit that the bench trial of Robert occurred in July 2000.

55. Answering paragraph 55, admit that third-party witnesses testified at Robert's trial and implicated him. Defendants deny that Haglund knew the third-party witnesses provided false testimony and otherwise lack knowledge sufficient to admit the characterization of the testimony as false.

56. Answering paragraph 56, deny.

57. Answering paragraph 57, Defendants deny the characterization of the statements as false and therefore deny the allegation as phrased.

58. Answering paragraph 58, admit that reports concerning third-party statements were used in connection with Robert's trial. Defendants deny that Haglund fabricated any statement or report and otherwise deny the allegations.

59. Answering paragraph 59, Defendants deny the characterization of the reports as false and therefore deny the allegation as phrased.

60. Answering paragraph 60, deny.

6

61.     Answering paragraph 61, upon information and belief, admit.

62.     Answering paragraph 62, upon information and belief, admit.

63.     Answering paragraph 63, upon information and belief, admit.

64.     Answering paragraph 64, admit that the prosecutors and Plaintiffs filed stipulations seeking vacatur of the convictions and Plaintiffs' release. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

65.     Answering paragraph 65, admit that the stipulations contained agreed factual statements; however, deny any characterization that these answering defendants stipulated to any factual statements.  As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

66.     Answering paragraph 66, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

67.     Answering paragraph 67, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

68.     Answering paragraph 68, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

69.     Answering paragraph 69, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

70.     Answering paragraph 70, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

71. Answering paragraph 71, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

72. Answering paragraph 72, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

73. Answering paragraph 73, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

74. Answering paragraph 74, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

75. Answering paragraph 75, lack knowledge and information sufficient to form a belief as to the truth or falsity of this paragraph, and therefore deny and put Plaintiffs to their proof.

76. Answering paragraph 76, admit that the state Circuit Court entered orders on September 25, 2024, vacating Plaintiffs' convictions and sentences and directing their discharge.

77. Answering paragraph 77, upon information and belief, admit.

78. Answering paragraph 78, upon information and belief, admit.

79. Answering paragraph 79, deny.

80. Answering paragraph 80, deny.

81. Answering paragraph 81, deny.

82. Answering paragraph 82, deny.

83. Answering paragraph 83, deny.

## CAUSES OF ACTION

### COUNT I:  42 U.S.C. § 1983 – Violation of Fourth Amendment
### David Against Defendant Luell and Defendant Haglund

84. Answering paragraph 84, incorporate by reference all responses contained in paragraphs 1 through 83 of this Answer.

8

85. Answering paragraph 85, deny.

86. Answering paragraph 86, deny.

87. Answering paragraph 87, deny.

88. Answering paragraph 88, deny.

89. Answering paragraph 89, deny.

90. Answering paragraph 90, admit that David's conviction was vacated. Defendants deny any remaining allegations or legal conclusions.

91. Answering paragraph 91, admit that Haglund acted under color of state law when performing his duties as a GBPD detective.

92. Answering paragraph 92, deny.

### COUNT II: 42 U.S.C. § 1983 – Violation of Fifth Amendment
### David Against Defendant Luell and Defendant Haglund

93. Answering paragraph 93, incorporate by reference all responses contained in paragraphs 1 through 92 of this Answer.

94. Answering paragraph 94, deny.

95. Answering paragraph 95, admit that statements attributed to David during his interview were used at his criminal trial. Defendants deny that the statements were coerced.

96. Answering paragraph 96, admit that Haglund acted under color of state law when performing his duties as a GBPD detective.

97. Answering paragraph 97, deny.

### COUNT III: 42 U.S.C. § 1983 – Violation of Fourteenth Amendment
### David Against Defendant Luell and Defendant Haglund

98. Answering paragraph 98, incorporate by reference all responses contained in paragraphs 1 through 97 of this Answer.

9

99. Answering paragraph 99, deny.

100. Answering paragraph 100, deny.

101. Answering paragraph 101, deny.

102. Answering paragraph 102, deny.

103. Answering paragraph 103, deny.

104. Answering paragraph 104, deny.

105. Answering paragraph 105, deny.

106. Answering paragraph 106, admit that statements attributed to David during his interview were used at his criminal trial. Defendants deny that the statements were coerced or that Haglund engaged in conscience-shocking conduct.

107. Answering paragraph 107, admit that Haglund acted under color of state law when performing his duties as a GBPD detective.

108. Answering paragraph 108, deny.

### COUNT IV: 42 U.S.C. § 1983 – Violation of Fourth Amendment
### Robert Against Defendant Luell and Defendant Haglund

109. Answering paragraph 109, incorporate by reference all responses contained in paragraphs 1 through 108 of this Answer.

110. Answering paragraph 110, deny.

111. Answering paragraph 111, deny.

112. Answering paragraph 112, deny.

113. Answering paragraph 113, deny.

114. Answering paragraph 114, deny.

115. Answering paragraph 115, admit that Robert's conviction was vacated. Defendants deny any remaining allegations or legal conclusion.

10

116. Answering paragraph 116, admit that Haglund acted under color of state law when performing his duties as a GBPD detective.

117. Answering paragraph 117, deny.

**COURT V:    42 U.S.C. § 1983 – Violation of Fourteenth Amendment**
**Robert Against Defendant Luell and Defendant Haglund**

118. Answering paragraph 118, incorporate by reference all responses contained in paragraphs 1 through 117 of this Answer.

119. Answering paragraph 119, deny.

120. Answering paragraph 120, deny.

121. Answering paragraph 121, deny.

122. Answering paragraph 122, deny.

123. Answering paragraph 123, deny.

124. Answering paragraph 124, admit that Haglund acted under color of state law when performing his duties as a GBPD detective.

125. Answering paragraph 125, deny.

**COUNT VI:   Wisconsin State Law Indemnification**
**David Against Defendant City**

126. Answering paragraph 126, incorporate by reference all responses contained in paragraphs 1 through 125 of this Answer.

127. Answering paragraph 127, deny that Wisconsin law, including wis. Stat. § 895.46(1)(a) creates an independent cause of action, deny that it imposes an unconditional present duty to pay a judgment, and otherwise deny the allegations.

11

128. Answering paragraph 128, admit that Haglund was a City of Green Bay Detective and employee and acted within the scope of his employment when performing the law-enforcement activities at issue. Defendants deny any allegation that those activities were unlawful.

## COUNT VII: Wisconsin State Law Indemnification

## Robert Against Defendant City

129. Answering paragraph 129, incorporate by reference all responses contained in paragraphs 1 through 128 of this Answer.

130. Answering paragraph 130, deny that Wisconsin law, including Wis. Stat. § 895.46(1)(a) creates an independent cause of action, deny that it imposes an unconditional present duty to pay a judgment, and otherwise deny the allegations.

131. Answering paragraph 131, admit that Haglund was a City of Green Bay Detective and employee and acted within the scope of his employment when performing the law-enforcement activities at issue. Defendants deny any allegation that those activities were unlawful.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to judgment or to compensatory damages, punitive damages, attorneys' fees, costs, or any other relief from Haglund or the City of Green Bay. Defendants further state that punitive damages are unavailable against the City of Green Bay as a matter of law.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute or statutes of limitations and, to the extent applicable, any statute of repose.

12

3. Plaintiffs failed to properly and timely effectuate service of process upon Defendants.

4. Any injuries or damages suffered by the Plaintiffs were caused by their own conduct and negligence or the conduct of others.

5. Defendants had no reason to believe that their conduct violated the constitutional rights of the Plaintiffs and are entitled to the defense of qualified immunity.

6. Plaintiffs state law claims are subject to the procedural prerequisites for bringing or maintaining a cause of action under § 893.80(1)(a) and (1)(b), Wis. Stats., and the exclusions, immunities and limitations on liability set forth in § 893.80 (3) and (4), Wis. Stats.

7. The Plaintiffs may have failed to mitigate their damages.

8. Defendants' conduct was privileged.

9. One or more of Plaintiffs' claims may not be cognizable by the *Heck* doctrine, the lack of a seizure or the existence of probable cause.

10. The individual defendant police officer is entitled to the defense of discretionary act immunity.

11. No individual defendant can be found liable for the actions of any other individual defendant(s) under a theory of respondeat superior, or supervisory liability.

12. All of the answering Defendants' acts were done in good faith and not motivated by malice or the intent to harm.

13. Plaintiffs are not entitled to punitive damages.

**WHEREFORE**, Robert Haglund and the City of Green Bay request judgment as follows:

1. Dismissing the Complaint on its merits, together with costs and disbursements as well as attorney's fees in favor of the Green Bay Defendants.

13

2.      For such other further relief as the Court may deem just and equitable and to which the Green Bay Defendants are entitled.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

Dated at Wauwatosa, Wisconsin this 4th day of August 2026.

**WIRTH + BAYNARD**
Attorneys for Defendants Robert Haglund
and the City of Green Bay

BY:    */s/ Jasmyne M. Baynard*
Jasmyne M. Baynard
SBN: 1099898
Email: jmb@wbattys.com
9898 W. Bluemound Rd. Suite 2
Wauwatosa, WI 53226
P: (414) 291-7979

14