IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DAVID BINTZ AND ROBERT BINTZ,

      Plaintiff,

v.                                                    Case No. 26-CV-1233

RICHARD A. LUELL, *et al.,*

      Defendants.

## STATE DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

State Defendant, Richard Luell, by and through undersigned counsel, hereby responds to Plaintiffs' complaint, as follows:

### INTRODUCTION

1. State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES that he violated any of Plaintiffs' constitutional rights.

### JURISDICTION

2. State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES that he violated any of Plaintiffs' constitutional rights.

3. State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State

Defendant ADMITS ONLY that jurisdiction is proper subject to State Defendant's claims of immunity as outlined below.

4. State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant ADMITS ONLY that venue in the Eastern District of Wisconsin is proper.

## PARTIES

5. State Defendant ADMITS.

6. State Defendant ADMITS.

7. State Defendant ADMITS the sentences relevant to Luell's employment, but affirmatively alleges that the last sentence pertaining to the State's liability is a legal conclusion to which no response is required.

8. State Defendant ALLEGES that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENIES. Defendant Haglund is not represented by the undersigned counsel.

9. State Defendant ALLEGES that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENIES. Defendant Haglund is not represented by the undersigned counsel.

2

## FACTS

10. - 24.     State Defendant ALLEGES that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENIES.

25. - 37.     State Defendant DENIES.

38.     State Defendant ADMITS that the questioning of David Bintz was not video or audio-recorded to his knowledge; DENIES remaining allegations.

39.     State Defendant DENIES, as this allegation is an inaccurate characterization of everything that was said or done.

40.     State Defendant ADMITS he wrote a report; ALLEGES that he lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENIES remaining.

41.     State Defendant DENIES.

42.     State Defendant DENIES that he coerced information from David; ALLEGES that he lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENIES remaining.

43. - 45.     State Defendant ALLEGES that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENIES.

46.     State Defendant ADMITS.

47.     State Defendant DENIES.

3

48. State Defendant DENIES.

49. State Defendant ADMITS he did not tell anyone the testimony of third party witnesses was false, because he did not believe it to be false; State Defendant DENIES that he believed the testimony of these witnesses to be false.

50. State Defendant DENIES. There was no fabrication.

51. State Defendant ADMITS he did not tell anyone his report was false, since at all times relevant he believed it to be true and accurate; State Defendant DENIES that his report was false.

52. State Defendant DENIES. The inculpatory statements made by David were not coerced or involuntary.

53. State Defendant ADMITS ONLY that David was convicted of the murder, but DENIES the remainder as there was no coercion or fabrication of evidence by the State Defendant.

54. State Defendant ADMITS.

55. State Defendant DENIES. State Defendant had no reason to believe any of these referenced witnesses testified or were going to testify falsely.

56. State Defendant DENIES.

57. State Defendant ADMITS he did not tell the court or prosecutors that the testimony was false, as at all relevant times he believed the report to be true and accurate; State Defendant DENIES that he believed the testimony to be false.

58. State Defendant DENIES. State Defendant was not involved in any fabrication of evidence.

4

59.	State Defendant ADMITS he did not tell anyone his report was false, because at all relevant times he believed it to be true and accurate; State Defendant DENIES that his report was false.

60.	State Defendant ADMITS ONLY that Robert was convicted, but DENIES the remainder as there was no fabrication.

61. - 76.	Answering paragraphs 61 to 76 State Defendant ALLEGES that he lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENIES.

77.	State Defendant ADMITS.

78.	State Defendant ADMITS.

79. - 83.	Answering paragraphs 79 to 83 State Defendant DENIES.


## CAUSES OF ACTION

### Count I

84.	State Defendant realleges and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

85.	State Defendant DENIES.

86.	State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES and affirmatively alleges that there was probable cause or arguable probable cause to support the detention.

87.	State Defendant DENIES.

88.  State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES, and affirmatively alleges that there was probable cause or arguable probable cause to support the prosecution.

89.  State Defendant DENIES.

90.  State Defendant ADMITS that the conviction was later vacated.

91.  State Defendant ADMITS.

92.  State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES.

## Count II

93.  State Defendant realleges and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

94. - 95.  State Defendant DENIES. The inculpatory statements made by David were not coerced or involuntary.

96.  State Defendant ADMITS.

97.  State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES.

## Count III

98. State Defendant realleges and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

99. - 106. Answering paragraphs 99 through 106 State Defendant DENIES, as there was no fabrication of evidence, unlawful concealment, coerced confession, or any other misconduct attributable to the State Defendant.

107. State Defendant ADMITS.

108. State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES.

## Count IV

109. State Defendant realleges and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

110. State Defendant DENIES.

111. State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES and alleges that probable cause or arguable probable cause existed.

112. State Defendant DENIES.

113. State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES, and alleges that probable cause or arguable probable cause existed.

7

114. State Defendant DENIES.

115. State Defendant ADMITS only that the conviction was later vacated.

116. State Defendant ADMITS.

117. State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES.

## Count V

118. State Defendant realleges and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

119. - 123. Answering paragraphs 119 to 123 State Defendant DENIES, as there was no fabrication of evidence, unlawful concealment, coerced confession, or any other misconduct attributable to the State Defendant.

124. State Defendant ADMITS.

125. State Defendant ALLEGES that the allegations contain a conclusion of law to which no response is required. To the extent a response is required, State Defendant DENIES.

## Count VI

126. State Defendant realleges and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

127.- 128. State Defendant ALLEGES that the allegations call for a legal conclusion. To the extent a response is required, State Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained

8

herein, as these allegations are directed to the City Defendant and do not apply to the State Defendant.

## Count VII

129. State Defendant realleges and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

130. - 131. State Defendant ALLEGES that the allegations call for a legal conclusion. To the extent a response is required, State Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained herein as these allegations are directed to the City Defendant and do not apply to the State Defendant.

## **OTHER**

State Defendant DENIES any allegation not specifically admitted to above.

## **AFFIRMATIVE DEFENSES**

As for affirmative defenses, State Defendant hereby states as follows:

1. The Complaint, in whole or in part, fails to state a claim against State Defendant Luell upon which relief may be granted.

2. To the extent that State Defendant Luell is named in his individual capacity, all or portions of Plaintiffs' Complaint must be dismissed pursuant to the doctrine of qualified immunity as his alleged conduct did not violate Plaintiffs' clearly established constitutional rights at the time of the alleged conduct.

9

3. To the extent that State Defendant Luell is named in his official capacity, all or portions of Plaintiffs' Complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4. To the extent Plaintiffs seek to impose liability on State Defendant Luell based upon testimony he provided at a preliminary hearing, trial, or other judicial proceeding, Luell is absolutely immune from liability based upon that testimony.

5. To the extent that Plaintiffs seek to bring any state law claims, such claims would be barred under the terms of Wis. Stat. § 893.82 and the doctrines of discretionary immunity and state sovereign immunity.

6. Any injuries or damages suffered by the Plaintiffs were caused by their own conduct and/or the conduct of third party other than State Defendant Luell, and Plaintiffs cannot establish that any act or omission by Luell was the factual or proximate cause of their charging, detention, prosecution, conviction, imprisonment, or alleged damages.

7. David Bintz was already lawfully incarcerated pursuant to an independent felony conviction when the challenged murder prosecution began. David Bintz therefore cannot establish a Fourth Amendment seizure or recover detention damages attributable to Luell arising from that period when he would have been lawfully incarcerated anyway.

8. All or portions of Plaintiffs' Complaint must be dismissed to the extent that Plaintiff failed to mitigate damages.

9. To the extent permitted by applicable law following Plaintiffs' convictions being vacated, Plaintiffs' claims and factual contentions are barred or limited by issue preclusion, estoppel, prior admissions, and issues actually litigated and determined in the prior criminal proceedings.

10. To the extent any claim accrued independently of the later invalidation of Plaintiffs' convictions and did not necessarily imply the invalidity of those convictions, that claim is barred by the applicable statute of limitations.

11. Plaintiffs may not obtain duplicative recovery for the same injury. Any potential recovery against Luell must be reduced by settlements, payments, satisfactions, compensation awards, or other amounts received for the same alleged injuries, to the extent permitted by applicable law.

12. State Defendant Luell reserves the right to seek leave under Federal Rule of Civil Procedure 15 to amend his Answer to assert additional defenses supported by information obtained through discovery or otherwise permitted by law.

## JURY DEMAND

State Defendant Luell hereby demands a jury trial in this matter.

WHEREFORE, Defendant Luell requests that judgment be entered in his favor, that all claims against him be dismissed with prejudice, that he recover his costs as permitted by law, and that the Court grant such other relief as it deems just and proper.

Dated August 4, 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Alexander J. Thillman
ALEXANDER J. THILLMAN
Assistant Attorney General
State Bar #1137377

Attorneys for Defendant Luell.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-9294 (Thillman)
(608) 294-2907 (Fax)
Alexander.Thillman@wisdoj.gov